**Reverse and Remand and Opinion Filed June 30, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01451-CV

**EDWIN M. SIGEL, Appellant**

**V.**

**AAMER RAZI, Appellee**

**On Appeal from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-10-15162**

## MEMORANDUM OPINION

Before Justices Bridges, Fillmore, and Lewis
Opinion by Justice Bridges

Edwin M. Sigel appeals the trial court's summary judgment in favor of Aamer Razi on

Razi's claims of breach of fiduciary duty and conversion. In a single issue, Sigel argues issues

of material fact precluding summary judgment exist, and the trial court erred in entering its

summary judgment. We reverse the trial court's judgment and remand for further proceedings

consistent with this opinion.

The record indicates Razi hired Sigel as his attorney in October 2008 to defend him

against charges of attempted kidnapping of a child. Razi paid $1000 to Sigel at the outset of the

representation. Razi also signed a statutory durable power of attorney appointing Sigel as his

agent generally and specifically providing "My Agent's powers includes [sic] all matters with

respect to my residence condominium." In November 2008, Sigel, acting as attorney-in-fact

pursuant to the power of attorney, signed a special warranty deed conveying the condominium to himself as trustee.

Sigel continued to represent Razi in the criminal case from October 2008 until April 2009, at which time he filed a motion to withdraw. On July 7, 2009, Sigel conveyed Razi's condominium to a third party for $17,000. In November 2010, Razi sued Sigel, alleging Sigel sold the condominium without Razi's knowledge or consent. Razi asserted claims for breach of fiduciary duty, fraud, violations of the Texas theft liability act, and conversion. Sigel filed a general denial and counterclaim asserting Razi accepted Sigels's legal services over an eight-month period, Razi owed approximately $28,000 in legal fees, Razi breached his oral contract for legal services with Sigel, and Razi owed damages of $28,000 under a quantum meruit theory.

Razi filed a motion for partial summary judgment on his breach of fiduciary duty and conversion claims. In support of his motion, Razi attached the power of attorney naming Sigel as his agent, the special warranty deed Sigel granted to himself as trustee via the power of attorney, and the general warranty deed to a third-party purchaser. Razi based his summary judgment motion on his assertions, contained in his affidavit, that he paid Sigel $1000 to represent him and never signed a written fee agreement; Sigel had Razi sign a power of attorney so that Sigel could take care of Razi's condominium; Sigel never explained that the power of attorney allowed him to sell Razi's condominium to pay his legal fees; Sigel never informed Razi he sold the condominium or that he removed or otherwise discarded Razi's property[1] left inside; Sigel's sale of the condominium left Razi homeless; and Sigel never provided an accounting for the money he received from the sale of the condominium.

---

[1] Included in Razi's affidavit was a picture that purports to show the condition of the condominium dated January 12, 1997.

Attached to Razi's motion as Exhibit 9 was Sigel's response to Razi's request for disclosure of "the legal theories and, in general, factual bases for Sigel's claims or defenses" containing the following response:

> Razi hired Sigel to defend him against serious felony charges of child molestation, child abuse and injury and kidnapping in Denton, Texas. Sigel's fee for that representation against the criminal charges was set at $20,000. The factors Sigel considered, among others, in setting the fee was the nature of the criminal charges, the time and labor required, the required trips out of county, the likelihood that the case might preclude other employment, the fee customarily charged by attorneys with equal experience and expertise possessed by Sigel. Sigel successfully performed the requested services over an extended period of time. The Aamir lawsuit against Sigel and [the purchaser of the condominium] is frivolous and supported by no convincing evidence.

Sigel filed a response to the motion for summary judgment supported by his affidavit stating that Razi contacted him on charges that "supposedly involved child molestation"; after an initial interview, Sigel agreed to look into the matter for a non-refundable retainer of $1000; Razi agreed and paid some of the retainer that day and some the next day; shortly thereafter, Razi called Sigel collect and said he was again in the Denton jail after being re-arrested for investigation of injury to a child; Sigel went to Denton and attempted to persuade the bondsman not to go off of Razi's bond and called the detective involved in the case, the magistrate, and the district attorney in charge of the case; Sigel explained to Razi that Razi was entitled to effective assistance of counsel, and if Razi could not afford Sigel's services, Razi could get another attorney or the State would furnish other counsel; Sigel said he needed a second attorney to assist him and that his minimum retainer for a case this difficult was $20,000; Sigel said he needed his investigator, a psychiatrist, and a psychologist to assist him and possibly testify; taking into account all the fees required to provide Razi with effective assistance of counsel, Sigel said the total retainer was $42,000; Razi said he could afford this representation; Razi said he had a condominium he claimed was worth $35,000 and his father had money; Sigel stated Razi's statement in his affidavit that the power of attorney would allow Sigel to "take care of his home

and property" was "a total lie"; Sigel took Razi's condominium as "trustee" not as trustee for Razi but rather as "trustee" to allow Sigel to use the condominium "to some how get funds to pay the above described fees for me, the second lawyer . . . the investigator, and the psychiatrist, and a psychologist"; when Razi signed the condominium paperwork he knew he was signing over his condominium to pay for his defense; the condominium turned out to be a "wreck and in no way worth $35,000"; the condominium air-conditioning was not working, and the kitchen and bathroom were "trashed"; Razi's financial situation was "in no way as Razi described," and none of his friends or family stepped up to help him; because of Sigel's efforts "over a six to nine months period," Sigel was able to obtain a plea bargain agreement which he advised Razi not to take because it required him to plead guilty and "he was claiming innocence;" Razi, "after consulting his jail house lawyer friends," told Sigel he wanted to plead guilty and would get "a court appointed lawyer to do it"; because Razi "basically fired" him, Sigel filed a motion to withdraw and gave the files to Razi's appointed lawyer.

On September 10, 2012, the trial court entered summary judgment in favor of Razi[2] on his claims of breach of fiduciary duty and conversion. On October 3, 2012, the trial court granted Razi's motion to dismiss without prejudice his claims of fraud and violations of the Texas Civil Theft Liability Act. On October 9, 2012, the trial court entered its final summary judgment in Razi's favor as to his claims for breach of fiduciary duty and conversion. This appeal followed.

In a single issue, Sigel argues the trial court erred in granting Razi's motion for summary judgment. In reviewing the trial court's decision to grant summary judgment, we apply well-known standards. *See* TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Property Mgmt. Co.*, 690 S.W.2d

---

[2] The same day, the trial court entered a no-evidence summary judgment on a counterclaim brought by Sigel. Sigel has not appealed the summary judgment on his counterclaim, and we need not further address it.

546, 548-49 (Tex. 1985). We review the trial court's summary judgment de novo. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). A traditional motion for summary judgment must show there is no genuine issue as to a specified material fact and, therefore, the moving party is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c). If the movant meets its burden, then and only then must the non-movant respond and present evidence raising a fact issue. *See Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222-23 (Tex. 1999).

Here, Razi based his motion for summary judgment on his claim that Sigel represented the power of attorney was to enable Sigel to take care of Razi's condominium, and Sigel never explained that the power of attorney allowed him to sell the condominium in order to pay for legal fees. In response, Sigel presented evidence he discussed with Razi a $42,000 retainer, Razi represented that his condominium was worth $35,000, and Razi executed the power of attorney so that Sigel, as "trustee," could "some how get funds to pay the above described fees for me, the second lawyer . . . the investigator, and the psychiatrist, and a psychologist." Sigel presented evidence Razi knew he was signing over his condominium to pay for his defense. The record shows Sigel represented Razi from October 2008 until the end of April 2009, and the summary judgment evidence indicates Sigel worked out a plea bargain agreement on Razi's behalf with the district attorney. The power of attorney specifically included "all matters" with respect to Razi's condominium. We conclude fact issues precluding summary judgment exist regarding whether Sigel committed any breach of fiduciary duty or conversion of Razi's property. *See Nixon*, 690 S.W.2d at 548-49. We sustain Sigel's sole issue.

We reverse the trial court's judgment and remand for further proceedings.


121451F.P05

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EDWIN M. SIGEL, Appellant

No. 05-12-01451-CV     V.

AAMER RAZI, Appellee

On Appeal from the 44th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-10-15162.
Opinion delivered by Justice Bridges.
Justices Fillmore and Lewis participating.

       In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

       It is **ORDERED** that appellant EDWIN M. SIGEL recover his costs of this appeal from
appellee AAMER RAZI.


Judgment entered June 30, 2014